IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOHN E. PRIDE                                                       PLAINTIFF
ADC #73122

V.                            NO. 4:06CV00652 SWW

LARRY NORRIS, et al                                    DEFENDANTS

ORDER

On June 5, 2006, Plaintiff, a pro se inmate currently confined to the Wrightsville Unit of the Arkansas Department of Correction, filed this 42 U.S.C. § 1983 civil rights action (docket entry #2), along with a separate but incomplete application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1). Because Plaintiff's case must be dismissed, in forma pauperis status need not be addressed.

**I. Sua Sponte Dismissal**

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. Id. § 1915A(a). This Court is obligated to dismiss a prisoner's in forma pauperis civil action, or a prisoner's in forma pauperis appeal of the judgment in a civil action, at any time either on its own motion or on the motion of a party if it determines that the prisoner has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Id. § 1915(g).

Section 1915(g) has been held constitutional by <u>Higgins v. Carpenter</u>, 258 F.3d 797, 800 (8th Cir. 2001) (per curiam) ("Section 1915(g) applies only to civil actions, and indigent inmates are not denied IFP status for potentially nonfrivolous civil claims unless and until they file three meritless suits.  Thus, they risk the known possibility of being denied IFP status for future nonfrivolous § 1983 actions when they choose to continue filing frivolous, malicious, and meritless suits after receiving notice of dismissals that would count as § 1915(g) strikes; <u>indigent inmates therefore control whether the three-strikes rule is ever applied to them</u>") (emphasis added).

## II.  28 U.S.C. § 1915(g) - Three Strikes Provision

Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Plaintiff has had three or more prior complaints dismissed as either frivolous or for failure to state a claim upon which relief may be granted.  Of the nine lawsuits Plaintiff has filed since 1992, three have been dismissed for failure to state a claim upon which relief may be granted,[1] and two have been dismissed for failure to prosecute and failure to comply with the Court's orders, thus making those filings frivolous.[2]

The Court recognizes that two of the five dismissals as strikes occurred prior to the Prison Litigation Reform Act's ("PLRA") enactment on April 26, 1996; however, pre-PLRA dismissals for frivolousness, maliciousness, or for failure to state a claim count as "strikes"

---

[1] See <u>Pride v. Sander</u>, 4:01CV00416 (dismissed August 31, 2001) (attack on validity of parole proceedings before exhaustion of state remedies); <u>Pride v. Reed</u>, 5:01CV00406 (dismissed June 27, 2002); and <u>Pride v. Langston</u>, 4:05CV00471 (dismissed April 5, 2005).

[2] See <u>Pride v. Collins</u>, 5:93CV00152 (dismissed February 27, 1995) (failure to comply with the Court's order to resubmit request to proceed in forma pauperis and to state intention to proceed with lawsuit); and <u>Pride v. Thompson</u>, 5:94CV00174 (dismissed May 19, 1995) (failure to comply with the Court's order to resubmit request to proceed in forma pauperis).

for purposes of § 1915(g).  The merits of an inmate's underlying action are not changed by § 1915(g); only an inmate's ability to file the action in forma pauperis is affected.  Furthermore, to interpret the statute as only applying to actions commenced after the effective date of the PLRA would give every prisoner, regardless of the number of prior frivolous suits, three more opportunities to pursue frivolous actions without pre-paying any filing fees.  The Eighth Circuit has recognized that civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim before the effective date of the PLRA, are to be counted in determining whether a prisoner has three "strikes" and therefore may no longer prosecute a claim in forma pauperis.  See In re Tyler, 110 F.3d 528, 529 (8th Cir. 1997) (implicitly recognizing without discussion the dismissal of Plaintiff's pre-PLRA claims in determining his number of strikes); see also Ayers v. Norris, 43 F. Supp.2d 1039, 1044 n.4 (E.D. Ark. 1999), overruled on other grounds by Higgins, 258 F.3d at 800 (stating that § 1915(g)'s three strike provision does not have an impermissible retroactive effect; court properly counted four of inmate's pre-PLRA in forma pauperis complaints as strikes that had been dismissed as frivolous).[3]

The Court additionally finds, based on the allegations contained in Plaintiff's present complaint (docket entry #2), that he is not in imminent danger of serious physical injury.  Specifically, Plaintiff asserts that he has not been paroled home because Defendant Collier

---

[3] Many other Circuit Courts of Appeal agree that pre-PLRA dismissals for frivolousness, maliciousness, or for failure to state a claim count as "strikes" for purposes of Section 1915(g).  See Welch v. Galie, 207 F.3d 130, 131-32 (2d Cir. 2000) (per curiam); Ibrahim v. District of Columbia, 208 F.3d 1032, 1035-36 (D.C. Cir. 2000); Day v. Maynard, 200 F.3d 665, 667 (10th Cir. 1999) (per curiam); Medberry v. Butler, 185 F.3d 1189, 1192 (11th Cir. 1999); Patton v. Jefferson Corr. Ctr., 136 F.3d 458, 461-62 (5th Cir.1998); Wilson v. Yaklich, 148 F.3d 596, 602-04 (6th Cir. 1998); Keener v. Pennsylvania Bd. of Prob. & Parole, 128 F.3d 143, 144 (3d Cir. 1997) (per curiam); Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

has refused to submit his parole plan on the grounds that he is a "baby rapist," a charge that Plaintiff disputes.

### III.  Conclusion

For the reasons explained herein, Plaintiff's case is DISMISSED WITHOUT PREJUDICE; and all pending motions are DENIED WITHOUT PREJUDICE AS MOOT. Should Plaintiff wish to continue this case, he must submit the statutory filing fee of $350.00 to the Clerk of the Court, noting the above case style and number, within thirty (30) days of this order's entry date, along with a motion to reopen the case.  Upon receipt of the motion and full payment, this case will be reopened.

The Court additionally certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from this order or any judgment entered hereunder, would not be taken in good faith.

IT IS SO ORDERED this 19th day of June, 2006.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE